Case 0:26-cv-61575-MD Document 1-1 Entered on FLSD Docket 05/29/2026 Page 1 of 9

**IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

BRITTANEY PEAK,

      Plaintiff,                                      CASE NO.:

v.

TRUEACCORD CORP,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRITTANEY PEAK ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, TRUEACCORD CORP ("Defendant"), and states the following:

### INTRODUCTION

1. Plaintiff's action is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to Fla. Stat. § 34.01(1) and the FDCPA, 15 U.S.C. § 1692k(d). The matter in controversy does not exceed $1,000.00, exclusive of attorney's fees and costs.

3. This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193 because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained-of conduct of Defendant occurred within Broward County, Florida.

4. Venue for this action is proper in this Court because, pursuant to Fla. Stat. § 47.051, the cause of action alleged below arose in Broward County, Florida.

## PARTIES

5.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida, and a Consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6.     Defendant is a Delaware corporation, with its principal business address of 16011 College Blvd, Suite 130, Lenexa, KS 66219.

7.     Defendant is registered to conduct business in the State of Florida as a foreign corporation, where its Registered Agent is Incorp Services, Inc, 3458 Lakeshore Drive, Tallahassee, FL 32312.

8.     Defendant is registered with the Florida Office of Financial Regulation as a Consumer Collection Agency ("CCA"), holding license number CCA9903295.

9.     As a licensed CCA, Defendant knows or should know the requirements of the FDCPA.

10.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

11.     The records specified by Rule 69V-180.080, Florida Administrative Code, which Defendant maintains, are current to within one week of the current date.

12.     For example, Defendant does maintain and keep updated within seven (7) days the records required by, inter alia, Florida Administrative Code Rule 69V-180.080(1), (3), (6), (7), (9), (10), and (11).

13.     Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

14. Defendant is a Debt Collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6), in that it uses an instrumentality of interstate commerce, including postal mail and the internet, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

## GENERAL ALLEGATIONS

15. The instant action arises out of Defendant's attempt to collect on a consumer debt ("Subject Debt").

16. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. Upon information and belief, after Plaintiff's purported default, the Subject Debt was placed with Defendant for collection purposes.

18. Defendant is considered a "debt collector" and began engaging in debt collection activities against Plaintiff as to the Subject Debt.

19. On or about March 22, 2026, at approximately 4:55 PM, Defendant sent a text message to Plaintiff from a number listed as 58469 attempting to collect the Subject Debt. **See Exhibit A**.

20. Plaintiff responded by text message to Defendant stating: "This is annoying leave me alone I'm not paying you any money," which was received by Defendant on March 25, 2026.

21. On March 26, 2026, despite Plaintiff having communicated her refusal to pay the Subject Debt, Defendant communicated with Plaintiff via text message again continuing its attempt to collect the Subject Debt. **See Exhibit A**.

22.     Plaintiff has suffered a concrete harm as a result of Defendant's actions including but not limited to mental anguish, emotional distress, embarrassment and shame, loss of enjoyment of life, depression, anxiety, aggravation, loss of appetite and energy, sleep disturbance and loss of sleep, loss of concentration, and fear of potential legal action.

23.     All conditions precedent to bringing this action have occurred, been performed or excused.

### COUNT I: VIOLATION OF THE FDCPA, 15 U.S.C § 1692c(c)

24.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-23 as if set forth fully herein.

25.     Pursuant to 15 U.S.C. § 1692c(c), "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt…".

26.     Defendant violated 15 U.S.C. § 1692c(c) when it continued communication with Plaintiff, after Plaintiff notified Defendant in writing that she refused to pay the Subject Debt and requested no further communication.

27.     The March 26, 2026 communication was not made to advise that collection efforts were being terminated, to notify Plaintiff that Defendant may invoke specified remedies, or to notify Plaintiff that Defendant intends to invoke a specified remedy.

28.     Plaintiff's text message constituted written notice to Defendant that Plaintiff refused to pay the debt.

29.     Defendant's conduct renders it liable for the above-stated violation of the FDCPA.

30.    Defendant's violation of 15 U.S.C. § 1692c(c) renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff, requests relief and judgment as follows:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(b) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(c) Reasonable attorneys' fees and costs, including expert fees, pursuant to 15 U.S.C. § 1692k(a)(3);

(d) Any other relief that this Court deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: April 28, 2026

Respectfully Submitted,

*/s/ Ethan B. Babb*
**ETHAN B. BABB, ESQ.**
Florida Bar No. 127488
Email: ebabb@babblaw.com
Secondary: kschofield@babblaw.com
**SAMANTHA R. WOOD, ESQ.**
Florida Bar. No. 1003177
Email: swood@babblaw.com
Secondary: cthompson@babblaw.com
**ETHAN BABB LAW FIRM**
6013 Farcenda Place, Suite 101
Melbourne, FL 32940
Phone: (321) 529-2222
Fax: (321) 529-2929
*Counsel for Plaintiff*

# EXHIBIT "A"



Thu, Mar 19 at 3:00 PM

This is TrueAccord, a debt collector. Resolve your account in a way that works for you. We're here to help: https://sm.true.ac/ksuzqsj. Reply STOP to opt out.

Sunday 4:55 PM

This is TrueAccord, a debt collector. Let's work together to explore options to resolve your account: https://sm.true.ac/erb2m0w. Reply STOP to opt out.

Yesterday 7:07 PM

This is annoying leave me alone I'm not paying you any money.

Today 10:09 AM

This is TrueAccord, a debt collector. Resolving your account can be easy! Let us help you get there: https://sm.true.ac/5bla12t. Reply STOP to opt out.

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Brittaney Peak</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>TrueAccord Corp</u>
Defendant

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☒ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.     TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☒ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

    <u>1</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Ethan B Babb</u>        Fla. Bar # <u>127488</u>
        Attorney or party        (Bar # if attorney)

<u>Ethan B Babb</u>        <u>04/28/2026</u>
(type or print name)        Date

- 3 -